Shauck, J.
(Dissenting). The failure of Doughty’s victims to make the investigation required of them by familiar rules of the law enabled him to perpetrate many frauds of much magnitude. Before the bringing of this suit by the company, numerous actions ' were brought against it by some of those who had loaned him money upon his notes and accepted as security his own false representations touching his ownership of stock. In those cases, and in this, the superior court of Cincinnati and the circuit court of Hamilton county have denied the company’s liability for Doughty’s frauds, vindicating that conclusion in opinions of much research and accurate discrimination. Force, J., in Bank v. Railway Co., 11 W. L. B., 86; Taft, J., in this case, 24 Do., 198; Peck, J., same case, 22 L. B., 248, and Railway Co. v. Bank, 1 C. C. R., 199.
The same conclusion has been reached by the supreme court of the United States in a case not distinguishable from this by any fact of legal import, and by a court of equal authority, in England. Moores v. Bank Piqua, 111 U. S., 156; Banking Co.v. Charnwood Forest Railway Co., 18, Q. B. Div., 714.
For extqnfBBliilsussion of the principles involved amUáilpvsis of the cases cited in the opinion of the^majority, these references are deemed sufficient.
Attention to the precise case before us will make apparent the irrelevancy of the cases and the inconclusiveness of the reasoning upon which the recovery is sustained.
These certificates of stock are spurious. The full amount of stock which the company might lawfully issue had been issued. The company was, *395 therefore, without authority to transfer the shares which Doughty thus falsely claimed to own, and his pledgees have no demand against it for any failure of duty in that regard. The precise nature of the demand appears very clearly in the record. There was no transaction between the pledgees and the company. The demand is that because Doughty was secretary and agent of the company, it shall answer to them for frauds perpetrated in transactions in which he borrowed money for his own use, upon his own notes, transferring false certificates which bore upon their face conclusive notice that he had exercised his authority as agent for his own advantage and adversely to the interest of his principal. The company derived no benefit from the transactions and did not ratify them. Really, do the elementary principles of the law leave any occasion to doubt that in such a case a recovery should be denied ?
The case affords no place for the rule that when one of two innocent persons must suffer loss from the act of a third, it must be borne by him who enabled such third person t^^Mct it. The rule was not intended to pena^raHffl|SWpwnership of property. Its terms prqfflmffl^^eyo innocent persons. Can it be said th^lii^^W|ndants innocently disregarded the notice bl®m|r home to them that the agent was exercising'flfs authority adversely to the interests of his principal ? Unless the logical consequences of this recovery shall be averted by arbitrary exceptions, but little can remain of the familiar and salutary rules of law, founded on morals, and contrived to render fraud ineffectual and prevent the divestiture of title by crime. Why may it not be said to everyone who seeks to recover his • stolen chattel, from the *396 vendee of the thief that he must fail because his ownership of the chattel enabled the thief to commit the wrong? No conclusive answer to that question can be given except by a court of last resort.
In Moores v. The Bank, the supreme court of the United States denied the liability of a corporation for the fraud of its issuing officer where he issued the stock directly to his pledgee with the false representation that it was a transfer of stock which he owned; while here the officer issued the stock to himself and indorsed it to his pledgees. The cases do not otherwise differ. To say that the defense is cut off by the assignment of the certificates is to affirm that they have an attribute of negotiability. But the view that they are negotiable is disclaimed by the majority and by counsel ■ for the defendants. For obvious reasons it could not be maintained. The attempt to distinguish the cases has, therefore, failed.
Spear, «L, not sitting.